UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


OLAN CALLINS                                                                                        PETITIONER

V.                                                              CIVIL ACTION NO.1:08CV90-WAP-JAD

CHRISTOPHER EPPS et al.                                                             RESPONDENTS

REPORT AND RECOMMENDATION

The petitioner pled guilty in the Circuit Court of Lee County, Mississippi to possession of methamphetamine on July 26, 2004. The plea was entered pursuant to a plea agreement. On August 5, 2004, after Callins had forfeited assets seized on his arrest, he was sentenced to serve 20 years in the custody of Mississippi Department of Corrections, with 12 years suspended, eight years to serve and five years of post release supervision. This sentence was in excess of what the recommendation from the district attorney's office had been pursuant to the plea agreement. He was then he was fined $2000 and ordered to pay court costs. He is presently under post release supervision.

Callins filed a post-conviction motion in the circuit court challenging the voluntariness of his guilty plea. The motion was denied. He appealed the denial to the Mississippi Court of Appeals. The Mississippi Court of Appeals reversed the trial court holding that it was necessary to hold an evidentiary hearing on the question of whether Callins had detrimentally relied upon the plea agreement in agreeing to forfeit his property. On certiorari the Mississippi Supreme Court reinstated the circuit court holding. The court found that because Callins was advised at the plea hearing and before the forfeiture, that the court would not be bound by the plea agreement, it was not necessary

to hold a hearing on detrimental reliance. He has now filed a petition for writ of habeas corpus with this court.

## LIMITATIONS ON REVIEW

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed.[1] Secondly, each claim in the petition must have been exhausted, 28 U.S.C § 2254(b)(1).[2] The claim must have been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available the claim will be finally dismissed.[3] Petitioners must also meet state procedural requirements in the handling of their cases in state courts[4]

---

[1] There is no challenge to the timeliness of this petition.

[2] "An application of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254((b)(1)(A). "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 115, 133 L. Ed. 2d 669 (1996) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed 2d 379 (1982)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518, 102 S. Ct. at 1204)) (citations omitted)).

[3] *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995)

[4] There are no state procedural bars pertinent to this case.

If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights. The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. [5]

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the decision is contrary to established federal law or the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389(2000). A decision is "contrary to" clearly established Federal law"if the state court arrives at a conclusion opposite to that by arrived at by [ the Supreme Court] on the question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 413. The case represents

---

[5] *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981); *Engle v. Isaac,* 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, n. 21, 71 L.Ed.2d 783(1982); *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121.

an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* This statute also presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence.[6]

This petitioner's claims have been reviewed in light of the AEDPA's limitations.

REVIEW OF RECORD AND ANALYSIS OF GROUNDS

Callins states his grounds as follows:

GROUND A: Denial of due process of law in violation of the 5th and 14th Amendments to the United States Constitution.
1. The trial court erred in denying relief where plea was involuntary when plea of guilty was based upon agreement with State that petitioner would forfeit property in return for a sentence and where trial court accepted plea, forfeited property, but rejected the sentence recommendation which was the basis of the plea and forfeiture.
2. The plea agreement entered by the petitioner was entered on the advice of counsel in regards to the 6th Amendment to the United States Constitution.
GROUND B: Denial of due process violation of the 5th and 14th Amendments to the United States Constitution. The guilty plea entered by the petition was involuntary.

The respondents assert that the second part of the first ground cannot be considered by the court because it is a new ground and has not been presented to the highest court of the state of Mississippi. Because Callins did not raise this claim with the state court it has not been exhausted. Callins has filed no traverse and made no attempt to show cause to excuse his failure to exhaust nor shown any prejudice. He has not attempted to show that there would be any manifest injustice if the court would fail to consider this claim on the merit. Callins cannot return to the state courts because

---

[6] 28 U.S.C. § 2254(e)(1).

the claim would now be procedurally barred by Mississippi's prohibition on successive writs. This claim should be dismissed with prejudice.

As the respondents point out, the first part of Ground A and Ground B are one and the same claim. Callins claims that his plea is involuntary because he was sentenced to something other than the sentence agreed to between himself and the prosecuting attorneys. There is no merit to the petitioner's claim. Callins was sentenced within the statutory limits for his crime. Additionally, during the guilty plea hearing, Callins advised the judge under oath that the plea was free and voluntary on his part. He was also expressly advised that the court was not bound by the state's recommendation. Callins responded that he understood that the court, notwithstanding the plea agreement, could still sentence him to the statutory maximums. The Mississippi courts found that Callins entered his guilty plea freely and voluntarily. That factual finding is presumed to be correct. Callins presents nothing to rebut the correctness of the finding.

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date.

Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

    This the 23rd day of July, 2009.

                              /s/ JERRY A. DAVIS
                              UNITED STATES MAGISTRATE JUDGE